**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SIDNEY KEYS, SR., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> MARRIOTT INTERNATIONAL CORP., ) <br> ) <br> Defendant. ) | No. 4:25-cv-00339-SEP |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Sidney Keys' Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. [3]. Having reviewed the Application and financial information, the Court will grant the Application and allow Plaintiff to proceed *in forma pauperis*, but the action is dismissed without prejudice for the reasons set forth below.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered

within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff has filed numerous lawsuits in this Court.  In just the past month, he has filed thirteen new cases in this district.  The present action arises from Plaintiff's visit to the Residence Inn in St. Louis, Missouri, on February 9, 2025.  Doc. [1].  Plaintiff asserts that, during the Superbowl, the electricity was cut off in his hotel room at the Residence Inn, and when he visited the front desk, a Caucasian employee of the hotel was watching the football game.  Plaintiff fails to indicate how long the electricity was off in his room or if the electricity was restored within a reasonable time frame.  He states that on February 12, 2025, Marriott unlawfully charged his credit card without his permission for his hotel stay.  Plaintiff does not appear to dispute the cost of the hotel stay, or the fact that he owed the bill, which spanned from February 2, 2025, through February 14, 2025, according to the bill appended to Plaintiff's Complaint.  Doc. [1-3].  Instead, he makes the conclusory allegation that the charge was racially discriminatory.  Doc. [1-1].  Plaintiff does not articulate what was racially discriminatory about the charge for the room.  Plaintiff seeks monetary damages.

## DISCUSSION

Plaintiff identifies racial discrimination as the basis of his claim.  Section 1981 of Title 42 of the United States Code provides, in relevant part, that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. § 1981(a).  To "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).  To assert a *prima facie* claim under § 1981, Plaintiff must allege, among other things, that:  (1) he was a

member of a protected class; and (2) the defendant acted with discriminatory intent. *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 962 (8th Cir. 2023).

Plaintiff is an African-American man. He contends that his electricity was cut off in his room at the Residence Inn during the Superbowl, and he was charged for his stay at the Residence Inn on his charge card. Plaintiff states in a conclusory fashion that he was discriminated against based on his race, but he fails to articulate how his grievances are connected to unlawful discrimination against him. Plaintiff offers no factual allegations that would allow the Court to infer racial animus. Plaintiff's bald assertion of discrimination is a legal conclusion that the Court need not accept as true. *See Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation"). Thus, Plaintiff has failed to state a plausible claim of racial discrimination. The Court will not supply additional facts for Plaintiff, nor will it construct a legal theory that assumes unalleged facts. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## CONCLUSION

Having thoroughly reviewed and liberally construed the Complaint, the Court finds that it fails to state a plausible claim of racial discrimination under § 1981. Plaintiff does not identify, nor can the Court discern, any other potential theory of recovery. The Court will therefore dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [2], is **DENIED** as moot.

**IT IS FINALLY ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 8th day of April, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE